United States District Court
Southern District of Texas
**ENTERED**
February 15, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Roy Lee Weeks, *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. H-21-4138 |
| Nationwide Mutual Ins. Co., *Defendants*. | § § § | |

# Order

Pending before the court is Defendant's Opposed Motion to Strike Plaintiff's Deposition Errata Changes and/or Motion to Reopen Plaintiff's Deposition. The motion is DENIED.

Plaintiff was deposed on October 5, 2022. Thereafter, Plaintiff submitted an errata sheet with sixteen "clarifications" or "corrections." Defendant argues that eight of those changes either contradict or materially alter the testimony given at the deposition. Defendant seeks to strike those eight changes.

Federal Rule of Civil Procedure 30(e) allows the deponent to review the deposition transcript or recording and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Rule 30(e) places no additional limits on the type of changes or on the range of permissible reasons for making changes. *See Hernandez v. Rush Enters.*, 336 F.R.D. 534, 535 (E.D. Tex. 2020); *see also Glob. Mach. Tech. v. Thomas C. Wilson, Inc.*, Civil No.

H-02-0452, 2003 WL 25676467, at *6 (S.D. Tex. Sept. 18, 2003) (finding "no authority within [Rule 30(e)] to deny a deponent the opportunity to make such changes, provided proper procedures were followed.")

The Fifth Circuit has not provided guidance on the scope of permissible substantive corrections but the majority of courts do not limit the type of changes a deponent may make. *Hernandez*, 336 F.R.D. at 535 (quoting *Minshall v. Hartman Equine Reprod. Ctr., P.A.*, Civil Action No. 4:15-CV-00764-ALM, 2016 WL 6804863, at *1 (E.D. Tex. Nov. 17, 2016), and *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2009 WL 424773, at *2 (E.D. Tex. Feb. 18, 2009)); *see also Holden v. Ill. Tool Works, Inc.*, Civil Action No. H-06-3958, 2007 WL 4591752, at *2 (S.D. Tex. Dec. 27, 2007) ("The traditional view, still followed by the majority of courts, is that Rule 30(e) permits the deponent to change deposition testimony by timely corrections, even if they contradict the original answers.").

Weeks listed substantive changes to his deposition testimony on the errata sheet and provided reasons for making the changes. (D.E. 33-1.) There is no argument that he failed to sign the errata sheet. *Id.* Because Weeks complied with the plain language of Rule 30(e), the court is not authorized to strike the errata sheet. Courts have found, however, that allowing substantive changes of the nature made by Weeks comes at a cost. Weeks's original testimony remains in the record along with the errata sheet. *See Hernandez*, 336 F.R.D. at 536 (citing cases); *Holden*, 2007

2

WL 4591752, at *2 (citing cases). Plaintiff can be examined and cross-examined on both the original and the changed answers at trial. *See Hernandez*, 336 F.R.D. at 536 (stating that the original answers can be used to impeach the deponent or attack his credibility); *Holden*, 2007 WL 4591752, at *2 (stating that "the fact and extent of the change are treated as subjects for impeachment that may affect the witness's credibility").

Signed at Houston, Texas on February 15, 2023.

_____
Peter Bray
United States Magistrate Judge