United States District Court
Southern District of Texas
**ENTERED**
May 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY LEE WEEKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-4138 |
| | § | |
| NATIONWIDE MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Nationwide Mutual Insurance Company Motion for Summary Judgment (Document No. 52) and Motion to Strike Plaintiff's Summary Judgment Evidence (Documents No. 62). Having considered the motions, submission, and appliable law, the Court determines the motion to strike should be denied, and the motion for summary judgment should be granted.

## I. BACKGROUND

This is an employment dispute. Plaintiff Roy Lee Weeks ("Weeks") was employed by Defendant Nationwide Mutual Insurance Company ("Nationwide") for twenty-five years. Weeks was initially hired by Nationwide in 1990 as a claim adjuster. During his employment, Weeks held many roles at Nationwide, spending

most of his time in Nationwide's auto claim division.[1] During Weeks's employment, Nationwide underwent multiple reductions-in-force ("RIF") and reorganizations. These internal changes resulted in Weeks holding different positions and titles over his term of employment. Weeks alleges his race and age were the reason Nationwide made many of its employment decisions regarding his various position changes.

Weeks alleges he was placed on a performance improvement plan ("PIP") in 2010 for expressing his opinion about a white manager to Nationwide. Later during a reorganization in 2017, Weeks was reassigned to manage a lower performing On Your Side Shop ("OYS Shop"), than the OYS Shop he previously managed. Weeks alleges he was then released from that position and given 60 days to either apply for another position at Nationwide or be released permanently. Accordingly, Weeks applied and was hired as a claims specialist, a lower position than what he previously held before the reorganization. On November 24, 2020, Weeks applied for a promotion to the role of field claims specialist III. Weeks was not selected for that position. On April 12, 2021, Weeks filed his original charge (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). The Charge only discussed a performance evaluation he received the month prior. On May 26, 2021, Weeks

---

[1] The Court notes that during Weeks career the auto claim division went by various titles to include "Material Damage" and "Blue Ribbon." *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 4.

2

subsequently filed an amended charge (the "Amended Charge") with the EEOC, alleging age and race discrimination based on actions that occurred between 2010 and November 24, 2020. On October 19, 2021, the EEOC issued Weeks a right to sue letter.

Based on the foregoing, on November 16, 2021, Weeks filed this lawsuit alleging violations of the Texas Commission of Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.051 *et seq.*, in the Harris County District Court for the 269th Judicial District. On December 21, 2021, Nationwide removed the case to federal court. On April 22, 2022, Weeks subsequently amended his complaint to add claims for: (1) failure to promote under TCHRA, Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"); and (2) hostile work environment, demotion, discriminatory forced transfer, and constructive discharge under Section 1981.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

3

323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the

4

nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Nationwide contends various summary judgment evidence submitted by Weeks should be struck. Specifically, Nationwide contends: (1) its position statement to the EEOC should be struck; (2) Weeks performance evaluation from a subsequent employer should be struck; and (3) certain paragraph from Weeks declaration and Charles Barnes declarations should be struck for lack of personal knowledge. Weeks contends the offered evidence is appropriate and Nationwide's objections should be overruled. Nationwide further contends Weeks claims fail as a matter of law. Weeks contends he has shown a prima facie case of discrimination and Nationwide's purported reasons are mere pretext. The court first addresses the motion to strike before turning to the motion of summary judgment.

*A.    Nationwide's Objections and Motion to Strike*

Nationwide moves to strike portions of Weeks summary judgment evidence based on: (1) improper authentication and lack of foundation; (2) hearsay; (3) speculative and conclusory statements; and (4) relevance. Weeks contends the contested portions of his summary judgment evidence are properly authenticated, not hearsay, neither speculative nor conclusory, and relevant to his claims. Having

5

considered the motions, submissions, and applicable law, the Court determines that the motion to strike should be denied. Accordingly, Nationwide's motion to strike is denied.

## B.    *Nationwide's Motion for Summary Judgment*

Nationwide contends Weeks's age and race discrimination claims are barred due to Weeks's failure to timely file a charge, and his claims under Section 1981 are time barred. Alternatively, Nationwide contends Weeks's claims fail because Nationwide has legitimate business reasons for all its employment decisions regarding Weeks. Weeks contends his claims are not barred, and Nationwide's numerous reorganizations and RIFs were merely a pretext to its discriminatory actions against him. The Court address each of Weeks's claims in turn.

### 1.    *Discrimination Claims*

Nationwide contends Weeks's age and discrimination claims under the TCHRA, race discrimination claim and hostile work environment under Title VII, and race discrimination claim under Section 1981 are barred. Weeks contends his claims are not barred by either his failure to timely file a charge of discrimination or any appliable statute of limitations. The Court first addresses whether Weeks timely filed his charge of discrimination under the TCHRA and Title VII, before turning to whether Weeks's claims under Section 1981 are time barred.

6

###### a.     *Title VII & TCHRA Statute of Limitations*

A charge of discrimination must be filed with the EEOC within 300 days of the plaintiff learning of the alleged adverse employment action. *Washington v. Patlis*, 868 F.2d 172, 175 (5th Cir. 1989). Similarly, a plaintiff has 180 days from learning of the alleged unlawful employment action to file a charge under the TCHRA. Claimants may amend charges of discrimination "to cure technical defects or omissions" or to "clarify and amplify" their initial allegations. 29 C.F.R. § 1601.12(b). Amendments which involve acts relating back or growing out of the allegations in the original charge, will "relate back to the date the charge was first received." *Id.*; 29 C.F.R. § 1826.8(c). However, amendments which raise new legal theories do not relate back to the original charge. *EEOC v. Miss. Coll.*, 626 F.2d 477, 483–84 (5th Cir. 1980).

Here, Weeks filed the Charge on April 12, 2021, making race discrimination claims but did not include any facts alleging age discrimination or hostile work environment.[2] Weeks later amended the Charge on May 26, 2021 to include such

---

[2] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 59, Exhibit 29 at 1–3 (*Plaintiff's EEOC Charge of Discrimination*).

facts.[3] Weeks contends the Amended Charge relates back as he did not add new legal theories but only added facts to support the Charge. However, the Amended Charge clearly alleges additional theories of discrimination apart from race discrimination. Given this, the Court finds the Amended Charge does not relate back to the Charge. Accordingly, the Court finds Weeks's claims for age discrimination under Title VII and the TCHRA based on actions occurring before November 27, 2020,[4] and Week's claims for hostile work environment under Title VII and the TCHRA based on actions occurring before July 30, 2020[5] are time barred. But even if these claims were not time barred, they would not survive summary judgment as discussed below. However, before it reaches this analysis, the Court first turns to whether Weeks's claims under Section 1981 are time barred.

>    *b.     Section 1981 Statute of Limitations*[6]

Nationwide contends that since Section 1981 does not have a specific statute of limitation, the Court should apply the most analogous state statute of limitations

---

[3] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 59, Exhibit 30 at 1–2 (*Plaintiff's EEOC Amended Charge of Discrimination*).

[4] November 27, 2020 precedes May 26, 2021 by 180 days.

[5] July 30, 2020 precedes May 26, 2021 by 300 days.

[6] *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 18.

which is two-years. Weeks contends that a four-year statute of limitation should apply and the claims from 2017 and 2018 are timely.[7]  Federal civil rights actions brought under 42 U.S.C. § 1981, which lacks an express statute of limitations, are governed by the most closely analogous limitations period provided under state law. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975). Accordingly, where a Section 1981 claim is brought in Texas, the two-year statute of limitations for personal injury actions in Texas controls. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003). However, there is some precedent in which the four-year statute of limitations applies when hostile work environment or other continuing claims are alleged.[8] Given the state of current precedent, the Court declines to apply a two-year statute of limitations. Instead, the Court evaluates to whether Weeks has established a prima facie case for his discrimination claims brought under Section 1981.

### c.    *Race Discrimination under Section 1981*

Weeks contends he was racially discriminated against by Nationwide because he is an African American, alleging his supervisors, who do not belong to the same

---

[7] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 59 at 20.

[8] The Court also notes that Nationwide contends the claims are barred under Title VII and Chapter 21 for failure to exhaust administrative remedies and to bring the complaints timely.

protected class, discriminated against him over the term of his employment spanning nearly 25 years. Nationwide contends race did not play a role in any of its employment decisions regarding Weeks.

To establish a prima facie case of racial discrimination under Title VII, Section 1981, a plaintiff must show he: "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)) (internal quotations omitted).

Weeks contends he experienced severe and persuasive adverse acts throughout his employment based on his race.[9] Weeks cites incidents from 2010 in an attempt to demonstrate race discrimination that led to the alleged adverse employment decisions. Nationwide contends Weeks cannot succeed in his race discrimination claims because there is no evidence race was the cause of its

---

[9] *Plaintiff's Amended Complaint*, Document No. 20 at 10.

10

employment actions regarding Weeks.[10] Regardless, the Court assumes, without deciding, Weeks can establish a prima facie case of racial discrimination and now applies the *McDonnell Douglas* framework to determine if Nationwide's reasons for its employment decisions regarding Weeks are legitimate and nondiscriminatory.

Nationwide contends Weeks cannot "articulate cognizable race discrimination claims" relating to his race discrimination claims.[11] Further, Nationwide contends it can "demonstrate legitimate, nondiscriminatory reasons for its decisions."[12] Weeks contends Nationwide is merely disguising its racial discrimination with "legitimate business decisions, and the racial disparity between Weeks and other similarly positioned white employees is clear."[13]

The *McDonnell Douglas* framework applies when a defendant moves for summary judgment on claims of discrimination based on circumstantial evidence. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir.) (citing *McDonnell*

---

[10] *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 3.

[11] *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 3.

[12] *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 3.

[13] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 59 at 2.

*Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Id.* (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995)). If the plaintiff meets this burden, the burden then shifts to the defendant, who must produce evidence that the adverse employment decisions were based on a legitimate, nondiscriminatory reason. *Id.* (citing *Mayberry*, 55 F.3d at 1089). Should the defendant carry this burden, the burden shifts back to the plaintiff to show the defendant's proffered reasons are a pretext for discrimination. *Id.* (citing *Mayberry*, 55 F.3d at 1089).

In 1990, Weeks began his employment with Nationwide as a claim adjuster.[14] In 2014, Weeks was promoted to "Technical Manager" in the auto appraisal division of the Central Plain Claims Zone.[15] Nationwide ran various shops in each claim zones to provide services to their customers. In general, Nationwide ran two types of OYS Shops; national service operation shops ("NSO") and regional and

---

[14] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52, Exhibit A at 48:17–20 (*Deposition of Roy Lee Weeks*) [hereinafter *Deposition of Roy Weeks*].

[15] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52, Exhibit F ¶ 4 (*Declaration of Kristen Bach*) [hereinafter *Declaration of Kristen Back*]; *Deposition of Roy Weeks*, *supra* note 7, at 64:15–65:5.

12

individually owned shops ("Non-NSO").[16] Weeks eventually manages a combination of NSO and Non-NSO shops in the greater Houston area.[17]

In 2017, Nationwide underwent an organizational restructuring with the goal of centralizing and streamlining the reporting structure and as a result conducted a RIF.[18] After the 2017 RIF, eighty-five managers (including Weeks) remained in the auto claim department.[19]  The managers reported to Michael Garris, who was the director of On Your Side.[20] Weeks was assigned to Associate Director Kurtis Udelhofen ("Udelhofen"), who conducted monthly one-on-one sessions in which they discussed professional development, performance, and possible ways to improve.[21] During this time, Weeks was assigned to manage new shops, which Weeks contends were lower performing and were virtually a demotion. After a year, Weeks received a "Developing" annual rating and subsequently complained that he

---

[16] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52, Exhibit D at 48:17–20 (*Deposition of Michael Glen Garris*) [hereinafter *Deposition of Michael Garris*].

[17] *Deposition of Roy Weeks*, *supra* note 14, at 67:23–68:5.

[18] *Deposition of Michael Garris*, *supra* note 16, at 42:24–44:5.

[19] *Deposition of Michael Garris*, *supra* note 16, at 41:19–42:16.

[20] *Deposition of Michael Garris*, *supra* note 16, at 20:10–21:15.

[21] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52, Exhibit C at 25:18–26:17, 49:7–22, 51:18–52:19 (*Deposition of Kurtis Stephen Udelhofen*) [hereinafter *Deposition of Kurtis Udelhofen*].

was unfairly being held accountable for the performance of the underperforming shops that had been transferred to him nearly a year prior.[22] Weeks also filed a complaint with Nationwide's office of associate relations ("OAR"), alleging that Udelhofen had "berated" him on two separate Skype meetings in 2018.[23]

In 2019, Nationwide went through a second RIF in which nearly 300 employees were laid off.[24] Approximately eleven managers in Weeks's department, including Weeks, were given 60 days to find a new position at Nationwide or be terminated.[25] Nationwide used numerous factors to choose employees to be laid off, including the last three years of performance reviews, knowledge, initiative, and decision-making skills.[26] Weeks subsequently applied for and accepted a position as a "Fields Claim Specialist II- Property", which resulted in a $17,000 reduction in pay and new job responsibilities.[27] While in his new position, Week complained the associate director over him, Linh Nguyen ("Nguyen"), favored "California

---

[22] *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 8.

[23] *Deposition of Roy Weeks, supra* note 14, at 71: 1–14.

[24] *Deposition of Michael Garris, supra* note 16, at 81:3–14

[25] *Deposition of Roy Weeks, supra* note 14, at 77:9–78:23.

[26] *Declaration of Kristen Bach, supra* note 15, at ¶ 8.

[27] *Defendants Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 10.

associates" over other employees.[28] In 2020, Nguyen gave Weeks a "developing" rating, which was raised to "meet expectations" after Weeks protested.[29]

Weeks alleges his reassignment and subsequent demotion stemming from the 2017 and 2019 corporate restructuring was driven by race. However, in 2017, the entire claims division was affected, but he was not demoted or terminated as a result. Rather, he was transferred based on a multitude of business factors utilized by Nationwide. Further, in 2019, over 300 positions were eliminated from the RFI.[30] In 2019, Nationwide managers completed an assessment of each employee which was reviewed by the OAR before any layoff decisions were made.[31] Therefore, the Court finds Nationwide has shown the business decisions occurring between 2017 and 2020 that resulted in the alleged discriminatory actions were driven by legitimate, non-discriminatory purposes. Thus, the Court finds Nationwide meets its burden, which now shifts to Weeks.

---

[28] *Deposition of Roy Weeks*, *supra* note 14, at 85:21–86:14.

[29] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52, Exhibit G ¶ 7–9 (*Declaration of Linh Nguyen*) [hereinafter *Declaration of Linh Nguyen*]; *Deposition of Roy Weeks*, *supra* note 11, at 102:21–111:18.

[30] *Declaration of Kristen Bach*, *supra* note 15, at ¶ 8.

[31] *Deposition of Michael Garris*, *supra* note 16, at 81:15–82:7.

15

Weeks contends Nationwide's reasons for its employment decisions were merely pretextual, and the continuous acts towards him by Nationwide beginning in 2017 were subjective and race based.[32] However, Weeks has failed to offer any evidence beyond conclusory allegations that Nationwide's legitimate RIFs and reorganizations were a mere pretext to discriminate against him based on his race. In fact, Weeks admits that all managers were impacted in 2017 and that store reassignments were widespread.[33] Weeks also admits he does not know the reason the reassignments were conducted.[34] Weeks also fails to offer evidence that Udelhofen was biased towards him, causing the "developing" performance evaluation that led to him being selected in 2019 for the RIF. Weeks only cites his own subjective belief and states he inferred from the comment "you never know whom you're going to be working for" by Udelhofen as an indication of his bias.[35] Accordingly, the Court finds Weeks has not offered sufficient evidence to show Nationwide's legitimate reasons for its actions, including the 2017 RIF, Weeks's reassignment, his subsequent "developing" review, and his selection for dismissal

---

[32] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 59 at 2.

[33] *Deposition of Roy Weeks*, *supra* note 14, at 98: 2–8.

[34] *Deposition of Roy Weeks*, *supra* note 14, at 98: 11–23.

[35] *Deposition of Roy Weeks*, *supra* note 14, at 138: 1–15.

and ultimate demotion in 2019, were a pretext for discrimination. Therefore, the Court finds that summary judgment is proper as it pertains to Weeks's race discrimination claims under Section 1981. Accordingly, summary judgment as to Weeks claims race discrimination claim under Section 1981 is granted. The Court now addresses Weeks's failure to promote claim.

### 2.   *Failure to Promote Claim*

Nationwide contends, even if Weeks's failure to promote claims arising from Nationwide's decision to not promote Weeks is not time-barred, it still fails as a matter of law. Nationwide further contends the employee promoted over Weeks had many relevant attributes, and race and age did not play a role in the decision. Weeks contends there is sufficient evidence to prove that race and age impacted Nationwide's choice not to promote Weeks. Weeks alleges Oscar De Los Santos ("De Los Santos"), the candidate chosen, was objectively less qualified than Weeks, and that race and age was the primary reason for his promotion over Weeks.

Nationwide contends Weeks fails to prove a prima facie case of discrimination because the new position was a lateral move at most, and therefore he did not suffer an adverse employment decision. Weeks contends the position was a promotion, and he was denied it based on his age and race. Regardless, the Court assumes, without deciding, Weeks established a prima facie case of age and racial discrimination for the failure to promote, and now applies the *McDonnell Douglas* framework to

17

determine if Nationwide's reasons for its employment decisions regarding Weeks are legitimate and nondiscriminatory.

The *McDonnell Douglas* framework applies when a defendant moves for summary judgment on claims of discrimination based on circumstantial evidence. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir.) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Id.* (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995)). If the plaintiff meets this burden, the burden then shifts to the defendant, who must produce evidence that the adverse employment decisions were based on a legitimate, nondiscriminatory reason. *Id.* (citing *Mayberry*, 55 F.3d at 1089). Should the defendant carry this burden, the burden shifts back to the plaintiff to show the defendant's proffered reasons are a pretext for discrimination. *Id.* (citing *Mayberry*, 55 F.3d at 1089).

Nationwide contends that a multitude of factors was considered in deciding whom to select for the open position. Phillip Armstrong ("Armstrong"), who was in charge of the selection process, stated De Los Santos had more relevant property inspection experience and had favorable recommendations from vendors and

managers.[36] Weeks contends that he had superior experience and ratings to De Los Santos.[37] However, Weeks offers no evidence past his own conclusory beliefs that age or race was the reason for Nationwide's selection of Del Los Santos over Weeks. Accordingly, The Court finds Weeks has failed to meet his burden that Nationwide's decision not to promote him was due to his race or age. Therefore, the Court finds summary judgment is granted as to Weeks's failure to promote claim. The Court now turns to Weeks hostile work environment claim.

### 3.   *Hostile Work Environment*

Nationwide contends Weeks failed to make the requisite showing for his hostile work environment claim.[38] Weeks contends that at least three incidents over his twenty-five years of employment are sufficient to establish a hostile work environment claim.[39]

---

[36] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52, Exhibit H at 32:10–35:20 (*Deposition of Phillip Scott Armstrong*) [hereinafter *Deposition of Phillip Armstrong*].

[37] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 59 at 13.

[38] *Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment*, Document No. 52 at 25.

[39] The Court notes Nationwide also contends that Weeks's hostile work environment claims are time-barred by the statute of limitations and the failure to exhaust administrative remedies. The Amended Charge, which included numerous allegations raised for the first time to the EEOC, appears to contain unique discrete act of alleged discrimination that does not relate back to the Charge. To advance a continuous hostile work environment

To establish a prima facie case of a hostile work environment, Plaintiff must present evidence that (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) the alleged harassment was based on Plaintiff's race; (4) the harassment affected a term or condition of Plaintiff's employment; and (5) the employer knew or should have known about the alleged harassment and failed to take prompt remedial action. *See Felton v. Polles*, 315 F.3d 470, 484 (5th Cir. 2002). Weeks contends two work evaluations nearly ten years apart and a reprimand by one of his managers that he described as a berating serve as the basis for his hostile work environment claim. However, while Weeks describes these interactions as "hostile," he fails to recall any specificity of what was said to him in these incidents.[40] Further, as discussed above, Weeks bases all of his perceived bias on one comment made by Udelhofen when Weeks was first assigned to report to him. Weeks fails to provide any evidence of continuous and pervasive harassment needed to maintain a hostile work environment. Also, Weeks gained promotions and increased responsibilities during this alleged period of harassment dating back to 2010, which undermines his

---

claim based on separate acts that occur before and within the statute of limitations, a plaintiff must allege facts showing the "pre-and post-limitations period incidents involve[d] the same type of employment actions. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). While it is likely some of the alleged incidents are time-barred (as discussed above), the Court instead analyzes the merits of Weeks's hostile work environment claims.

[40] *Deposition of Roy Weeks*, *supra* note 14, at 161:4–163:14.

claim. Accordingly, the Court finds Weeks fails to meet his burden to demonstrate that Nationwide allowed a hostile work environment. Therefore, the Court finds summary judgment is granted as to Weeks's hostile work environment claim. The Court now evaluates whether Weeks's constructive discharge claim survives summary judgment.

### 4.    Constructive Discharge Claim

Nationwide contends Weeks's constructive discharge claim fails as a matter of law. Weeks contends he has presented sufficient evidence for his constructive discharge claim to survive summary judgment.

A plaintiff asserting a constructive discharge claim must show his working conditions were "so intolerable that a reasonable employee in [the plaintiff's] position would feel compelled to resign." *McCoy v. Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Additionally, the working conditions must be more extreme than those necessary to establish a hostile work environment. *Jackson v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 54 F. App'x 404 (5th Cir. 2002) (per curiam).

Nationwide contends Week's constructive discharge claim fails because, just as his hostile work environment claim failed, he fails to allege conduct that is severe and pervasive enough to constitute constructive discharge. Weeks contends all of the various alleged demotions, transfers, and low performance evaluations over the span of his career caused him such humiliation he felt compelled to resign. However, as

21

the Court discussed above, the actions alleged are not so intolerable that a reasonable employee would feel compelled to resign. Therefore, the Court finds Weeks fails to present sufficient evidence establishing the requisite level of conduct needed to support a constructive discharge claim. Accordingly, the motion for summary judgment is granted as to Weeks's constructive discharge claim.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Nationwide's Motion to Strike Plaintiff's Summary Judgment Evidence (Document No. 62) is **DENIED**. It is further

**ORDERED** that Defendant Nationwide's Motion for Summary Judgment (Document No. 52) is **GRANTED.**

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this __18__ day of May, 2023.


DAVID HITTNER
United States District Judge

22